A. D. JUILLIARD & CO., INC. *vs.* JENNIE CATANESE.

JUNE 24, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an employer's petition, under the workmen's compensation act, general laws 1938, chapter 300, to review an unappealed decree of the superior court entered March 21, 1951 awarding respondent, a former employee, compensation for total incapacity after a hearing on her original petition. The trial justice granted the prayer of the petition to review and from the entry of a decree to that effect respondent duly prosecuted her appeal to this court.

The decree appealed from contains findings that the employee is capable of performing the light work offered by the employer; that she is still suffering a disability, but is no longer totally incapacitated; that since the employee will receive the amount of $53.80 per week for performing the light work offered her, which sum exceeds her average weekly wage at the time she was injured, the employer is relieved of the payment for partial incapacity except for the first three weeks after the entry of the decree; and that the employee should perform two days' work for the first week, increasing the amount of work during the second and third weeks, and at the end of the fourth week she should return on a full-time basis. The order reads as follows: "that payments of workmen's compensation by the petitioner to the respondent employee for total incapacity be and the same hereby are terminated and that since the work which the respondent employee is able to perform will pay her a compensation in excess of the average

weekly wage at the time of her injury, the petitioner employer is relieved of the responsibility for the payment of workmen's compensation for partial incapacity except during the first three weeks after the entry of this decree."

It appears that respondent, who was a speeder tender in employer's mill, was injured in March 1950 by tripping, because of a hole in the floor, and falling on her face while going to the spinning room. In respondent's original petition as amended she claimed injuries to her back, right leg, left shoulder, left knee and concussion. The decree of the superior court, which was entered after a hearing on that petition, set out her injuries as an abraded and contused area around the right side of her face, nose and lips, strain of the right foot and ankle, left arm and shoulder and lower back, and some evidence of concussion.

At the trial of the present petition to review, respondent, a short, overweight woman about fifty-six years of age, testified generally that she had not worked since the happening of the above-described accident; that she was still totally incapacitated; that she could not even do her own housework; and that she lived with an unmarried daughter, eighteen years of age, who had finished school and had been working about a year. She complained in particular of the painful condition of her lower back, left arm and left leg. Doctor Gerald J. Curreri, a general practitioner, who was her family physician, was a witness in her behalf. He testified among other things that he had treated her since she was injured; that he could find no objective symptoms to support her complaints; that he accepted as true her statements of pain; that in his judgment she was totally incapacitated; and that her condition was growing worse, but that he had not referred her to any specialist or other doctor.

Evidence was introduced upon behalf of the employer that it had offered her a job cleaning bobbins at pay in excess of that which she had received when she was hurt. No bending or lifting was connected with the new position,

the work was to be done at a table, and respondent could either sit or stand as she chose. The bobbins, which were of light weight and eight or nine inches long, were to be brought to her and she would remove the small amount of waste yarn adhering to them. The cleaned bobbins would then be removed by another employee.

The employer also presented as a witness Dr. Stanley D. Simon, an orthopedic surgeon who had examined respondent May 1, 1950, April 18 and September 24, 1951. It was his opinion that her condition had improved during the periods covered by such examinations. After the one made on the date last mentioned at which time X-ray pictures were also taken of respondent's back, left shoulder and left knee, it was the doctor's diagnosis that she had a strain of the soft tissues of the back not involving the bony skeleton, superimposed upon severe spondylolisthesis, a congenital abnormality of the spinal structure, and also that she had sustained an injury to the cartilage in her left knee. This opinion, however, was based on the history of her case and with little evidence clinically and by X-ray examination to substantiate her complaints.

Regarding respondent's ability to work, Dr. Simon testified as follows: "This patient is unfit for performing duties as a machine tender at this time since this type of work would require repeated bending and lifting. However, in my considered opinion I would believe that this patient is capable of returning to light duties of a sedentary nature not involving prolonged standing or repeated bending or lifting." He further stated that in his judgment respondent, without detriment to herself, could do the work required in the light job offered her by the employer for five days a week, eight hours a day, after a reasonable period of half-time work and a gradual breaking in to a full day's work, and that it would be good for the patient to keep her mind occupied and off her physical disability.

The respondent contends that the findings of fact by the trial justice are not supported by legal evidence. We are

unable to agree with this contention. We have examined the transcript of testimony and are of the opinion that it contains legal evidence which clearly supports such findings. A portion of that evidence is referred to above. It is settled that in such circumstances the findings of the trial justice in the absence of fraud are conclusive. G. L. 1938, chap. 300, art. III, §6. *Jillson* v. *Ross*, 38 R. I. 145. He and not this court passes upon the weight of the evidence and the credibility of the witnesses. In this connection it may be noted that in his rescript the trial justice makes certain comments on the conduct of respondent in the courtroom as observed by him during the hearing on the present petition. Among these he stated: "* * * this Court concludes that the evidence of Mrs. Catanese with regard to the presence of pain and the limitation of movement, is not credible. I feel also that her statements to Dr. Curreri and to Dr. Simon are not such as are worthy of belief."

The respondent also argues in substance that the trial justice did not give proper consideration to the fact that there was evidence tending to show that she was suffering from an anxiety neurosis growing out of her physical injury. Doctor Simon testified generally that while he could find little clinically wrong with respondent's left knee, at times she exhibited a neurotic condition based on anxiety, fear, or apprehension regarding that member in respect to her ability to do any work. He stated that in his judgment respondent was not a malingerer but he said: "Having seen her on three occasions I don't think she has psycho-neurosis. I think it's a definite attempt to exaggerate her disability which is not, I would say, a psychiatric abnormality itself within a reasonable response of certain people given within certain given situations." In regard to her taking the job offered by the employer the doctor testified: "A. * * * In my opinion this type of work would not hurt her and would be beneficial, better than massage, to get her to use her body. Q. Relative to her left leg you would recommend that she not have a psychiatrist but her own

doctor could instill in her the confidence that would be required to take care of that leg? A. It should have been done long ago." It was the doctor's opinion that, even assuming the existence of a neurosis, she was able to and for her own good should perform the light work offered her by the employer.

The respondent has cited *Wareham* v. *United States Rubber Co.,* 73 R. I. 207, as supporting her position that the trial justice was in error in entering the decree appealed from. That case, however, while similar to the present one in some respects is not directly in point and is of no aid to the respondent considering the facts and findings appearing in the instant case. Here the employer has come forward with the type of evidence which was lacking in the *Wareham* case. In our judgment respondent takes nothing by this contention.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Francis V. Reynolds, Joseph V. Cavanagh,* for petitioner.
*Joseph V. Ortoleva,* for respondent.